404 P.2d 971

**STATE of Utah, Plaintiff and Respondent,**

v.

**Vernon Howard CANNON, Defendant and Appellant.**

**No. 10187.**

Supreme Court of Utah.

Aug. 20, 1965.

James L. Barker, Salt Lake City, for defendant and appellant.

Phil L. Hansen, Atty. Gen., Ronald N. Boyce, Chief Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

HENRIOD, Chief Justice:

Appeal from an auto homicide conviction. Affirmed.

In October, 1963, defendant drove eight miles up a local canyon to a cafe, in which he was part owner, where he visited for three or four hours, and after eating, started down the canyon after dark. On the way he consumed a half pint of whiskey within about 15 minutes. At an intersection at the bottom of the canyon he turned south, traveled on a main thoroughfare, and after weaving back and forth, attempted to pass a truck, crossed a yellow-line traffic control and crashed head-on with a car carrying three young athletes returning from a basketball game, killing two of them.

He was taken into custody and to the hospital where within two hours, a blood test was taken that indicated definitely that he was under the influence of intoxicating liquor. No inaccuracy in the test was shown.

Defendant introduced evidence that a year before he had an attack of Meniere's disease, which has the effect of disabling

one's legs and power of locomotion, not the mind,—the implication being that he may have suffered an attack in the present case. The trial court struck such evidence as being remote. We think the court was right in such exclusion, since besides being remote, there was no evidence of such attack here.

 Defendant urges further that it was error to introduce evidence of the blood test, since it was taken at a remote time. We cannot say that if such test is taken 15 minutes after an accident or 50 or 150 minutes thereafter, the evidence is inadmissible. This is a matter for expert medical testimony, and for the jury, and there is nothing here along that line substantiating defendant's claim of remoteness.

McDONOUGH, CROCKETT, WADE and CALLISTER, JJ., concur.